(82 South. 370)

No. 23380.

POLICE JURY OF PARISH OF ST. MARY v. MAYOR AND COUNCILMEN OF MORGAN CITY.

(June 2, 1919.)

*(Syllabus by Editorial Staff.)*

1. COUNTIES ⟨⟩113(1) — PARISHES — CONTRACT BY POLICE JURY—ORDINANCE.

An ordinance of a parish police jury adopted in 1907, imposing a tax of 2¼ mills on all property in parish for its criminal expense for that year, providing that if incorporated towns, including defendant, should pay into parish treasury the equivalent of 2¼ mills criminal expenses and 3 mills for school purposes, such towns need not pay the tax imposed, did not authorize jury's alleged contract with defendant by which defendant agreed to pay certain sum as its share of parish's criminal expense for 1907 in lieu of the tax.

2. ESTOPPEL ⟨⟩62(6)—PARISH POLICE JURY.

Allegation in suit by parish police jury on contract that defendant agreed to pay certain sum as its share of parish's criminal expense for 1907 in lieu of a tax and had done so since then, except for year 1917, and that parish, relying on such agreement, had fully spent said amount in criminal expenses, in view of defendant's notice that for 1917 the amount would not be paid by it, did not show an estoppel to contest the agreement.

Appeal from Twenty-Third Judicial District Court, Parish of St. Mary; W. C. Baker, Judge.

Suit by the Police Jury of the Parish of St. Mary against the Mayor and Councilmen of Morgan City. From a judgment dismissing the suit, plaintiff appeals. Affirmed.

Percy Saint and Borah, Himel, Bloch & Borah, all of Franklin, for appellant.

R. C. Milling, of New Orleans, for appellee.

PROVOSTY, J. The police jury of St. Mary parish sues the mayor and councilmen of Morgan City for $2,759.67, which it is alleged the city agreed to pay as its share of the criminal expenses of the parish for the year 1917 in lieu of a tax.

[1] A police jury can, of course, act only by ordinance; and the only ordinance alleged, or offered in evidence, for showing any action on the part of the police jury for entering into this alleged contract is one adopted in 1907, by which a tax of 2¼ mills was imposed on all property situated within the parish, for paying the criminal expenses of the parish for the year 1907, with the following proviso:

"Be it further resolved, etc., that if the incorporated towns in the parish, to wit: Morgan City, Paterson and Franklin, shall pay into the parish treasury the equivalent of 2¼ mills criminal expenses and 3 mills for school purposes on the assessed value of the property situated in the corporate limits of said towns, then the said towns nor the citizens thereof shall be required to pay the sheriff the said tax and the sheriff is hereby prohibited from collecting same."

Needless to say, this ordinance does not authorize the entering into a contract; and, even if it did, would apply only to the year 1907.

[2] But it is alleged that it was agreed that the city would pay the equivalent of this tax, and that the city has done so for every year since then, except the year 1917; and that the parish, relying on said agreement, has expended fully said amount in expenses incident to criminal cases coming from said city, and that therefore defendant is now estopped from contesting said agreement.

The evidence shows that the police jury was timely notified by the city that for the year 1917 said amount would not be paid by the city. There is therefore no ground for estoppel.

The judgment which dismisses plaintiff's suit is affirmed.

MONROE, C. J., takes no part, not having heard the argument.